UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RONALD SATISH EMRIT,            )
                                )
    Plaintiff                   )
                                )
v.                              )    2:25-cv-00141-LEW
                                )
UNITED STATES AND                )
TRADEMARK OFFICE (USPTO),        )
et al.,                         )
                                )
    Defendants                  )

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is a resident of Florida, seeks relief related his intellectual property. (Complaint, ECF No. 1.)  Plaintiff has joined several governmental entities as defendants. In addition to his complaint, Plaintiff filed a motion to proceed without prepayment of fees, which motion the Court granted.  (Motion, ECF No. 3; Order, ECF No. 5.)  In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter and impose immediate filing restrictions on Plaintiff.

**DISCUSSION**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under §

1915] are often made sua sponte prior to the issuance of process, so as to spare prospective

defendants the inconvenience and expense of answering such complaints." *Neitzke v.*

*Williams*, 490 U.S. 319, 324 (1989).

Under the federal venue statute, actions against United States' agencies may be

brought in any judicial district in which the plaintiff resides, a defendant resides, or "a

substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §

1391(e)(1). As alleged, Plaintiff resides in Florida, the named defendants are not located

in Maine, and the circumstances underlying Plaintiff's complaint have no connection to

Maine. A review of Plaintiff's complaint, therefore, reveals that venue is not proper in the

District of Maine. In fact, in his complaint, Plaintiff asserts that the proper venue is the

Eastern District of Louisiana. (Complaint ¶¶ 17, 18.)

28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a

case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought."

"Whether dismissal or transfer is appropriate lies within the sound discretion of the district

court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Quinn v.*

*Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (unpublished).

Plaintiff has alleged no facts that would support a claim. Instead, Plaintiff's

complaint consists of unsupported and somewhat confusing allegations regarding his

efforts to secure a patent for his ideas related to quantum mechanics, special relativity,

general relativity, and astrophysics. (Complaint ¶ 22.) Under the circumstances, the

2

transfer of the case would be futile.  Dismissal is warranted.  *See Neitzke*, 490 U.S. at 327

(28 U.S.C. § 1915 provides a court with "the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.").

Filing restrictions are also warranted.  In accordance with *Cok v. Fam. Ct. of R. I.*,

985 F.2d 32 (1st Cir. 1993), this Court previously warned Plaintiff that further frivolous

filings would result in immediate filing restrictions.  *Emrit v. Special Agent in Charge of*

*FBI Field Office*, No. 1:22-cv-00358-JAW, 2023 WL 2806462, (D. Me. April 6, 2023),

*rec. dec. aff'd*,  2023 WL 3221087 (D. Me. May 3, 2023).  As this Court noted, Plaintiff

has been described as "a vexatious litigant with over 500 cases filed throughout the

country."  2023 WL 2806462, at *2 (quoting *Emrit v. Special Agent*, No. 1:22cv282-AW-

HTC, 2022 WL 17824014, at *1, nn. 1-2  (N.D. Fla. Nov. 9, 2022), *rec. dec. aff'd*, 2022

WL 17821575 (N.D. Fla. Dec. 20, 2022) (collecting cases)).  Because Plaintiff has been

warned, and because Plaintiff's complaint can reasonably be characterized as frivolous, the

imposition of immediate filing restrictions is appropriate.

### CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter and

impose immediate filing restrictions on Plaintiff.

### NOTICE

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered
pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the

district court sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of April, 2025.

4