UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RONALD SATISH EMRIT, )<br>)<br>      Plaintiff )<br>)<br>     v. )<br>)<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, et al., )<br>)<br>      Defendants ) | No. 2:25-cv-00141-LEW |

### ORDER AFFIRMING RECOMMENDED DECISION, DISMISSING PLAINTIFF'S COMPLAINT, AND IMPOSING FILING RESTRICTIONS

Self-represented Plaintiff Ronald Satish Emrit's suit stems from his attempts to obtain a patent for "ideas related to quantum mechanics, special relativity, general relativity, and astrophysics." Compl. (ECF No. 1) ¶ 22. He alleges that Defendants, several government entities, tortiously interfered with his contracts and business. *Id.* ¶¶ 41-44. Plaintiff seeks $500 billion in damages against the agencies and an injunction that directs the United States Patent and Trademark Office and Department of Commerce to award him certain patents. *Id.* at 12.

As Plaintiff is self-represented, Magistrate Judge John Nivison initially reviewed Plaintiff's Complaint and filed a Recommended Decision After Review of Plaintiff's Complaint ("Rec. Dec.", ECF No. 6). In it, Judge Nivison explains the shortcomings of Plaintiff's Complaint. Chief among those shortcomings is that Plaintiff has filed his Complaint in Maine yet he has no connection to the State. Plaintiff resides in Maryland

and Florida throughout the year. Compl. ¶ 8. His quest for a patent has not brought him anywhere near Maine. "In fact, in his complaint, Plaintiff asserts that the proper venue is in the Eastern District of Louisiana." Rec. Dec. at 2 (quoting Compl. ¶¶ 17-18).

Judge Nivison went on to note that the Court could, in its discretion, transfer the case. *See* 28 U.S.C. § 1406(a). However, Judge Nivison concluded transfer was not warranted here because "Plaintiff has alleged no facts that would support a claim. Instead, Plaintiff's complaint consists of unsupported and somewhat confusing allegations regarding his efforts to secure a patent for his ideas related to quantum mechanics, special relativity, general relativity, and astrophysics." Rec. Dec. at 2. Judge Nivison also went on to summarize Plaintiff's frequent filings in federal court. Indeed, Plaintiff has already been described as "a vexatious litigant with over 500 cases filed throughout the country." *Emrit v. Special Agent in Charge of FBI Field Office*, No. 22-cv-00358, 2023 WL 2806462, at *2 (D. Me. Apr. 6, 2023), *rec. dec. aff'd*, 2023 WL 3221087 (D. Me. May 3, 2023) (internal quotations and citations omitted). Judge Nivison therefore also recommends that I enjoin Plaintiff from filing in this District.

Plaintiff objects to the Recommended Decision on the grounds that it is "clearly erroneous and/or an abuse of discretion for the lower court judge to dismiss this case before the plaintiff/appellant was able to present the applicability of his ideas." Pl.'s Obj. (ECF No. 7) ¶ 1. Plaintiff's objection goes on to describe the scientific theory behind his ideas. This objection is meritless. No federal court is the appropriate venue to hear these ideas. *See Microsoft Corp. v. i4i Limited P'Ship*, 564 U.S. 91, 95-96 (2011) ("Pursuant to its authority under the Patent Clause, U.S. Const., Art. I, § 8, cl. 8, Congress has charged the

*United States Patent and Trademark Office* (PTO) with the task of examining patent applications, 35 U.S.C. § 2(a)(1), and issuing patents if "it appears that the applicant is entitled to a patent under the law," § 131." (emphasis added)). Plaintiff offers no other grounds against the dismissal of his case. Therefore, Plaintiff's case will be dismissed.

As to a filing restriction, *Cok v. Family Court of Rhode Island* established that before a court impose filing restrictions against a litigant, the court should first give warning. 985 F.2d 32 (1st Cir. 1993). In 2023, Judge Woodcock gave this "*Cok* warning" to Plaintiff. *Emrit*, 2023 WL 3221087, at *2 ("With Mr. Emrit's documented history and this Court's review of his filings in this case, the Court hereby provides a *Cok* warning to Mr. Emrit that any further frivolous filings on this docket or with this District will result in immediate filing restrictions being imposed and may result in additional sanctions."). Despite this warning, Plaintiff has continued vexatious and frivolous claims. Accordingly, he will be enjoined from further filings in this District.

## CONCLUSION

The Recommended Decision (ECF No. 6) is hereby ADOPTED. Plaintiff's case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). A *Cok* order is issued against Ronald Satish Emrit to bar proceedings on any future cases without advance permission. The Clerk of this Court is directed to refuse to file or docket, without a prior order of this Court, any pleadings or paper submitted by or on behalf of Ronald Satish Emrit. This order does not apply to any matters currently pending in this Court. If Ronald Satish Emrit wishes to appeal this Order, he shall file a paper notice of appeal with the Clerk's Office of this Court within the time allowed by the Federal Rules of Appellate Procedure.

**SO ORDERED.**

Dated this 1st day of July, 2025.

                                              /s/ Lance E. Walker
                                              Lance E. Walker
                                              Chief U.S. District Judge